(105 So. 377)

No. 27377.

## POLICE JURY OF WINN PARISH v. HEFLIN, Sheriff, et al.

(July 13, 1925.)

*(Syllabus by Editorial Staff.)*

1. Sheriffs and constables ⬯76—Requisition for additional expense money becomes statutory warrant, after due approval, and protects against personal liability.

A requisition of sheriff and ex officio tax collector for additional expense money, within Act No. 156 of 1920, § 2, as amended by Act No. 86 of 1924, becomes a statutory warrant after its due approval pursuant to such statute, and protects that officer and the parish treasurer against personal liability for moneys paid and received, in absence of fraud or collusion.

2. Sheriffs and constables ⬯66—Supervisor of public accounts is authorized to decide disagreements as to sheriff's need of additional expense money, regardless of emergency.

Supervisor of public accounts is authorized, by Act No. 156 of 1920, § 2, as amended by Act No. 86 of 1924, to decide disagreements between district judge and the president of the police jury as to need of additional expense money, despite absence of emergency.

3. Sheriffs and constables ⬯66—Approval of sheriff's requisition for ordinary additional expense money after incurrence of such expense, authorized.

District judge and supervisor of public accounts *held* authorized by Act No. 156 of 1920, § 2, as amended by Act No. 86, of 1924, to approve sheriff's requisition for additional expense money, after incurrence of such expense, though there was no emergency.

4. Sheriffs and constables ⬯76—Police jury held not entitled to recover amount paid to sheriff as additional expense money on approval by proper officials after incurrence of expense.

Police jury *held* not entitled to recover the amount paid sheriff as additional expense money on approval of the requisition by the district judge and supervisor of public accounts pursuant to Act No. 156 of 1920, § 2, as amended by Act No. 86, of 1924, after such expense was incurred.

Case Certified from Court of Appeal, Second Circuit.

Suit by the Police Jury of Winn Parish against W. T. Heflin, as Sheriff, and another. From a judgment sustaining an exception of no cause of action and dismissing the suit, plaintiff appealed to the Court of Appeal, which certified the case to the Supreme Court for instructions. Instructions given.

Harry Fuller, of Winnfield, for appellant.

A. Leonard Allen, of Winnfield, and Hawthorn & Stafford, of Alexandria, for appellees.

LAND, J. The police jury of Winn parish sued the sheriff and treasurer of that parish to recover $1,605.75, alleged to have been paid by the latter to the former out of the "sheriff's salary fund" in the parish treasury.

From a judgment sustaining an exception of no cause of action and dismissing its suit, the police jury appealed to the Court of Appeal, Second Circuit.

The members of that court, pursuant to section 25 of article 7 of the Constitution of 1921, have certified the case to this court for instructions.

The petition alleges: That the $1,605.75 was paid as additional expense money for the year 1924, over and above the $3,500 salary and $4,500 expense allowance fixed by Act 156 of 1920, as amended by Act 86 of 1924. That it was demanded by the sheriff and paid by the treasurer on a requisition approved by the district judge, and by the supervisor of public accounts, after the president of the police jury had refused to approve the same, because, in his judgment, it was not necessary.

That no emergency existed, and that such additional expense, if needed at all, was for the performance of the usual and ordinary duties of the office.

That, in fact, said additional expense was not necessary. That the law does not authorize the supervisor of public accounts to decide disagreements between the district judge and the president of the police jury respecting the sheriff's expense account, except disagreements in case of emergency.

That, except in cases of emergency, the law does not authorize either the district judge, the president of the police jury, or the supervisor of public accounts to approve requisitions for additional expense money after the expense has been incurred, but only before it has been incurred, and that, as the expenses challenged in this case were incurred for the year 1924, and the approval of the supervisor of public accounts obtained February 11, 1925, such approval was unauthorized and illegal.

Upon this petition and exception the Court of Appeal, Second Circuit, submits to this court the following questions:

"(1) Is the supervisor of public accounts authorized to decide disagreements between the district judge and the president of the police jury as to the sheriff's need of additional expense money, in the absence of an emergency?

"(2) If so, the absence of an emergency being alleged, were the judge and supervisor authorized to approve the requisition made after the expense had been incurred, or could they do so only before it was incurred?

"(3) If not authorized to grant the approval after the expense was incurred, can the police jury sue for the amount demanded by the sheriff and paid by the treasurer on an approval made after incurring the expense?"

Act 156 of 1920, as amended by Act 86 of 1924, fixes the salary of each sheriff in the state and also the amount allowed to each for clerical and other expenses. It is provided, in section 2 of said act that—

"In the event that the said amounts or any of them exceed the necessities of any one of said sheriffs and ex officio tax collectors in the efficient performance of his duties as aforesaid, the excess shall not be drawn or otherwise expended by the said officials, but remain in the parish treasury. In the event that said amounts or any of them are insufficient for the efficient performance of the duties of the said officials, then the same shall be supplemented from the parish treasury as follows:

"If additional deputies shall be required, their appointment, employment and duties shall be approved by the district judge, or ·judges, and the president of the police- jury; and they shall be paid from the sheriff's salary fund as hereinafter created; but the sheriffs shall not be required to submit the name or names of additional deputies, when making requisition for such assistance, nor shall the judge or judges or president of the police jury inquire thereof; it being the intention of this provision to authorize the judge and the president of the police jury to determine the necessity of additional expense only. If the additional expense above that hereinafter allowed be for other purposes than deputies, the same approval shall be required, and the amount shall be paid from the same fund. In case of emergency the sheriff shall efficiently perform the duties of his office and submit his action thereafter to said judge or judges and president of the police jury, provided further, that if the said judge or judges or president of the police jury shall not approve the requisition of the sheriff and ex officio tax collector, or of his action in case of emergency, the said requisition or action shall be submitted to the supervisor of public accounts, whose decision thereon, approving or disapproving the same, shall determine the matter for or against the said sheriff and ex officio tax collector."

It is clear from the above provisions that it is the intention of section 2 of said act "to authorize the judge and the president of the police jury to determine the necessity of additional expense" in all cases, whether ordinary or emergency, and, in case of disagreement between the judge and the president of the police jury "as to the necessity of the additional expense," or as to the approval of the sheriff's "action in case of emergency," to leave the final determination as to such matters to the supervisor of public accounts. It is also reasonably certain from these provisions that it is contemplated that the necessity of additional expense in ordinary cases should be determined by the proper officials before such expense is incurred by the sheriff and tax collector.

In case of emergency, it is expressly pro-

vided that the sheriff shall "submit his action thereafter."

While it is much preferred that the judge, president of the police jury, and supervisor of public accounts should determine the necessity of ordinary additional expense of the sheriff and tax collector, before such expense is incurred; yet we are confronted with the fact that the Legislature has created an official board to determine such matters, leaving the final decision in the hands of the supervisor of public accounts, in case of disagreement between the judge and the president of the police jury.

The Legislature foresaw the utter futility of submitting such matters to the courts for adjudication, as the very purpose of the statute would be defeated by such dilatory proceedings.

It is true that one of the objects of Act 156 of 1920 is to limit the expense of the sheriff's office. This object is accomplished in the act by fixing the amount of allowance to each sheriff for clerical and other expenses, and by requiring that any additional expenses be supplemented from the parish treasury only on the approval of the requisition of the sheriff and tax collector by the judge and the president of the police jury, or in case of disagreement, by the supervisor of public accounts.

Section 6 of Act 156 of 1920 expressly gives the supervisor of public accounts supervision over the collection of taxes and licenses, and authorizes him to hold up the salary of the tax collector, in case of neglect of duty by that official. Obviously, the supervisor of public accounts is better qualified to adjust the matter of the necessary expense of the office of sheriff and tax collector than the courts of this state, which are in no position to act as bookkeepers for the 63 sheriffs' offices, outside of the parish of Orleans. Therefore it was not intended by the Legislature that any tribunal in this state should usurp the functions of the supervisor of public accounts as defined in Act 156 of 1920.

As the judge and supervisor of public accounts have approved the requisition of the sheriff and tax collector in this case, and have found as a fact that such additional expense was necessary, the police jury of Winn parish, represented on the official board created by said act by its president, cannot now recover the amount paid upon such approval, either from its treasurer, or from the sheriff and tax collector of said parish, in the absence of charge and proof of fraud or collusion.

If the law were otherwise, the sheriff and tax collector of each parish in the state could be harassed continuously by suits in the courts for the recovery of additional expenses paid to him by the parish treasurer, after approval by the judge and the supervisor of public accounts, or after approval by the president of the police jury and the supervisor of public accounts, merely because one member of the official board created by the act had dissented from the approval.

Under such conditions, it is evident that the efficiency of the office of sheriff and tax collector would be greatly impaired, through the fear by that officer of being subjected at any time to personal liability, although he had complied in good faith with the law as to the approval by the proper officials of his requisition for additional expenses.

[1] A complete answer to such suits is that the requisition of the sheriff and tax collector, after due approval, becomes a statutory warrant, and fully protects that officer and the parish treasurer against personal liability for moneys paid and received, except in cases of fraud or collusion.

[2-4] We therefore answer questions 1 and 2 in the affirmative, and question 3 in the negative.